IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,                                       No. 24-CR-1493 MLG

v.

**LUPE VARGAS, EDWARD VALLEZ, MONALISA VARGAS, MICHAEL GARCIA, and THERESA ATENCIO,**

      **Defendants.**

### DEFENDANTS' JOINT UNOPPOSED MOTION TO CONTINUE

Defendants Lupe Vargas, Edward Vallez, Monalisa Vargas, and Theresa Atencio jointly move for a continuance of the trial currently set for January 13, 2025 (Docs. 41, 54), and of the corresponding pretrial deadlines—including the December 16, 2024 deadline for substantive pretrial motions—for a period of no less than 90 days. The grounds for this motion are as follows:

    1.     This case involves five defendants and a very recent superseding indictment (Doc. 45), dated November 19, 2024. The counts include conspiracy in violation of 18 U.S.C. § 371 and attempting to provide or obtain prohibited objects in violation of 18 U.S.C. §§ 1791(a)(1), (a)(2), (b)(l), or (b)(4). For the time being, three of the movants are being detained in custody.

    2.     The Court may continue a criminal trial when the continuance serves "the ends of justice." 18 U.S.C. § 3161(h)(7)(A).

    3.     To apply the ends-of-justice exception, the Court must consider the factors set forth in 18 U.S.C. § 3161(h)(7)(B)(i)-(iv): (i) whether denying the continuance would "result in a miscarriage of justice"; (ii) whether "the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law" make the case complex; (iii) if an indictment is

delayed after arrest has already occurred, whether the circumstances are unusual or complex; and (iv) whether denying the continuance would interfere with the parties' rights to counsel or would deny the parties "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *United States v. Toombs*, 574 F.3d 1262, 1268-69 (10th Cir. 2009).

4. This case, which involves multiple defendants and a facility over 80 miles from the courthouse, will require that defense counsel have an opportunity to investigate the charges in the superseding indictment and prepare their clients' defenses. Under the circumstances, they cannot adequately prepare this matter for trial within the usual time limits of the Speedy Trial Act. *Cf.* 18 U.S.C. § 3161(h)(7)(B)(ii).

5. The Defendants' counsel expect that, even when accounting for due diligence, they will still need additional time to perform the following tasks prior to trial in order to represent their clients effectively:

   a. Obtain and review discovery to investigate the charges against the Defendants, which discovery thus far includes numerous audio and video recordings as well as handwritten letters;

   b. Perform legal research and prepare pretrial motions or motions *in limine*;

   c. Consult with experts as needed, e.g., if laboratory or other technical reports are disclosed; and

   d. Prepare for trial (and begin discussions about a resolution that obviates the need for trial, if appropriate).[1]

---

[1] Although not explicitly listed amongst the factors for the Court's consideration, "[p]eriods of time devoted to negotiating plea agreements" may be excluded where those negotiations serve the ends of justice. *United States v. Cano-Silva*, 402 F.3d 1031, 1034 (10th Cir. 2005).

6.  Counsel for the Defendants affirmatively state that under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the ends of justice will be served by granting this extension of time in which to complete the tasks outlined above. *See United States v. Hernandez-Mejia*, 406 F. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *Toombs*, 574 F.3d at 1273).

7.  The Defendants therefore respectfully request that the Court continue the trial date and the pretrial deadlines for at least 90 days in order to allow counsel to complete all the tasks outlined above and to prepare for trial.

8.  A denial of the requested continuance would not permit counsel "the reasonable time necessary for effective preparation" and would be likely to "result in a miscarriage of justice." *Toombs*, 574 F.3d at 1268-69.

9.  This matter has not yet been continued, nor any deadlines previously reset.

10. Counsel for the Government does not oppose the requested continuance.

11. Excluding the requested 90-day time period from calculations of time under the Speedy Trial Act thus serves the ends of justice and outweighs the interests of the public and the Defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

For the reasons stated above, the Defendants respectfully request that the Court enter an order continuing the trial date and all the other pretrial deadlines for a period of not less than 90 days from those contained in the Court's current Trial Notices (Docs. 41, 54) and attachments (Docs. 41-1, 54-1).

                Respectfully submitted,

                */s/Elizabeth A. Harrison*
                Elizabeth A. Harrison
                KENNEDY, HERNANDEZ, & HARRISON, P.C.
                201 Twelfth Street Northwest
                Albuquerque, New Mexico 87102
                (505) 842-8662
                eharrison@kennedyhernandez.com
                *Attorney for Defendant Lupe Vargas*

                Joel R. Meyers
                LAW OFFICE OF JOEL R. MEYERS, LLC
                1000 Cordova Place #930
                Santa Fe, New Mexico 87505
                (505) 847-7757
                jrm@jrmeyerslaw.com
                *Attorney for Defendant Edward Vallez*

                Kelly Alexis Golightley
                GOLIGHTLEY LAW P.C.
                514 Marble Avenue Northwest
                Albuquerque, New Mexico 87102
                (505) 842-1200
                kelly@golightleylaw.com
                *Attorney for Defendant Monalisa Vargas*

                Felix Valenzuela
                VALENZUELA LAW FIRM
                701 Magoffin Avenue
                El Paso, Texas 79901
                (915) 209-2719
                felix@valenzuela-law.com
                *Attorney for Defendant Theresa Atencio*

Approved by:

*Approved via email 12/16/24*
David B. Hirsch
Paul J. Mysliwiec
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
*Attorneys for the United States of America*

4